**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**In re: Elizabeth Murray** ) **14 B 35586**
)
)
Debtor(s) ) **Judge Black**

*NOTICE OF FILING AND CERTIFICATE OF SERVICE*

Elizabeth Murray                              David Cutler
658 Fourth Ave.                               4131 Main St.
Joliet, IL 60433                              Skokie, IL 60076

Please take notice that on this response was filed the Bankruptcy Clerk. This matter is set for hearing on June 3, 2016 at 10:30 AM at Joliet City Hall, 150 W. Jefferson St., 2nd Floor, Joliet, IL.

I certify that this office caused a copy of this notice to be delivered to the attorney through the CM/ECF system and to the debtor by depositing it is the U.S. Mail on May 13, 2016.

/s/
For Glenn Stearns, Trustee

Response in Opposition to Motion to Modify Plan

Now Comes Glenn Stearns, Chapter 13 Trustee, responding in opposition to Motion to Modify Plan and in support thereof, states the following:

1. On April 29, 2016, this Court denied the Trustee's motion to modify plan to increase the debtor's plan payment in case of John Tamburo, 13 B 39925. In its ruling, this Court restated its support for its prior ruling in *In re Golek*, 302 B.R. 332 (Bankr. N.D.Ill. 2004). *In re Golek* stands for the position that the disposable income test in §1325(b) does not apply to post-confirmation plan modifications under §1329. As a result it is the Trustee's position that, if the Trustee may not use §1329 to increase the debtor's plan payment based on disposable income, then a debtor may not decrease a plan payment (or suspend a payment, waive a default, etc.) based on a lack of disposable income.

2. In the instant case, the debtor is seeking to waive default due to loss of employment for several months, i.e a lack of disposable income for that period. Since the debtor's plan is proposed at a 60 month term, waiving the payment default for that period would result in a reduction of the plan base and correspondingly, the dividend to the unsecured creditors.

1

WHEREFORE, the Trustee prays that the debtors' motion to modify plan be denied and for such other and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee

/s/
By: Gerald Mylander

Glenn Stearns, Trustee
801 Warrenville Rd., Suite 650
Lisle, IL 60532
630-981-3888